FREDERICK  A.  BARTLETT  *vs.*  ALBERT  K.  LEWIS.

*Practice—motions for new trials—when to be filed—what should be made to appear.*

By the 17th rule of court, a motion for a new trial " must be filed within two days after verdict, unless the court for good cause, by special order, enlarge the time."

By R. S., c. 82, § 33, when a motion is made to have a verdict set aside as being against law or evidence, a report of the whole evidence shall be signed by the presiding judge.   A report, certified by the counsel to be a correct report of all the material evidence in the case, is not sufficient.

A motion founded on any alleged cause not shown by the evidence reported, accompanied by depositions annexed, and not by testimony " heard and reported by the judge," is not in compliance with the second clause of § 33.

The verdict and the nature and grounds of the action and of the defense should appear in a motion to have a verdict set aside as being against law or evidence.

ON REPORT.

An action to recover damages done to a horse hired by the defendant of the plaintiff.

The following motion, signed by the " defendant's attorney," appears to have been made at the April term, 1870 :  " And now said defendant, within three days after verdict, prays the court that the verdict in the above case be set aside, and a new trial granted, because the verdict is against the evidence, the weight of evidence, and the law."

Then follows twelve printed pages of testimony, to which is appended a certificate of the following tenor, signed by counsel for both parties:

" The foregoing is agreed to as a correct report of all the material evidence in the case."

Following the foregoing is this motion made by the defendant's attorney:

" And now said defendant comes into court on the 19th day of the term, after verdict and before judgment, and moves further for a new trial, on the ground of newly discovered evidence which is material, and said evidence is as follows: Here follow several depositions. The case as printed contains no certificate, except the attestation of the clerk."

*A. Sanborn*, for the plaintiff.

*J. F. Robinson*, for the defendant.

WALTON, J. In matters of practice, there is a growing disregard of the rules of court, and also of express statutory provisions, which needs correction.

The 17th rule of this court requires motions for new trials to be filed within two days after the verdict, unless the court for good cause, by special order, enlarges the time. Whether the motion in this case was thus filed does not appear. It is stated in the motion that it was made within three days after verdict, but it is nowhere stated that it was either made or filed within two days, as the rules of court require.

Again, the R. S. of 1857, c. 82, § 33, provide that when a motion is made in the supreme judicial court to have a verdict set aside as being against law or evidence, a report of the whole evidence, drawn up, shall be signed by the presiding judge. In this case the counsel have signed what they call a correct report of all the material evidence in the case; but there is no report of either the whole evidence, or of the material portions of it, signed by the presiding judge.

Again, the same section provides that when the motion is founded on any alleged cause not shown by the evidence reported, the testimony respecting the allegations of the motion shall be heard and reported by the judge. Such a motion is made in this case, but no such report of the judge accompanies it. There are several depositions annexed to the motion, but no testimony appears to have been heard or reported by the judge, as the statute requires.

Again, when a motion is made to have a verdict set aside as being against law or evidence, the court ought in some way to be informed what the verdict is, and also the nature and grounds of the action, and the nature and grounds of the defense; otherwise, how can the court tell whether the evidence supports the action or not, or whether the verdict is against law or evidence or not? We infer that the verdict in this case is against the defendant, for the reason that he is trying to have it set aside. But the record does not state, and we have no means of knowing what amount, if anything, the plaintiff recovered, nor the form of the action, whether contract or tort, nor the grounds of defense.

Again, this case was entered upon the law docket at the June term, 1870. A written brief was then furnished the court by the plaintiff's counsel, and the defendant's counsel agreed to furnish one in ten days. It is now December 28th, and no argument has been furnished.

Under these circumstances, we think the defendant will have no just grounds of complaint if his motions are overruled.

*Both motions overruled.*
*Judgment on the verdict.*

APPLETON, C. J.; KENT, DANFORTH, and TAPLEY, JJ., concurred.